1  MICHAEL R. REESE (Bar No. 206773)
     mreese@reesellp.com
2  GEORGE V. GRANADE (Bar No. 316050)
3    ggranade@reesellp.com
   **REESE LLP**
4  100 West 93rd Street, 16th Floor
5  New York, New York 10025
   Telephone: (212) 643-0500
6  Facsimile: (212) 253-4272
7
   DANIEL L. WARSHAW (Bar No. 185365)
8    dwarshaw@pswlaw.com
9  BOBBY POUYA (Bar No. 245527)
     bpouya@pswlaw.com
10 **PEARSON, SIMON & WARSHAW, LLP**
11 15165 Ventura Boulevard, Suite 400
   Sherman Oaks, California 91403
12 Telephone: (818) 788-8300
13 Facsimile: (818) 788-8104
14 *Attorneys for Plaintiff and the Proposed Class*
15
16              **UNITED STATES DISTRICT COURT**
17       **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**
18

| | |
|---|---|
| 19 JENNIFER LATIFF, on behalf of herself and all others similarly situated, | CASE NO. 2:18-cv-6503 |
| 20       Plaintiff, | **CLASS ACTION COMPLAINT** |
| 21    vs. | (1) Cal. Bus. & Prof. Code § 17200 *et seq.*; |
| 22 NESTLE USA, INC., | (2) Cal. Bus. & Prof. Code § 17500, *et seq.*; and |
| 23       Defendant. | (3) Cal. Civ. Code §1750 *et seq.* |
| 24 | **Demand for Jury Trial** |

25
26
27
28

1    Plaintiff Jennifer Latiff ("Plaintiff"), by and through her counsel, alleges the

2 following based upon her own personal knowledge and the investigation of her

3 counsel.  Plaintiff believes that substantial evidentiary support will exist for the

4 allegations set forth herein after a reasonable opportunity for discovery.

5                **NATURE OF THE CASE AND SUBSTANTIVE ALLEGATIONS**

6    1.    This is a proposed class action against Nestle USA, Inc. ("Nestle" or

7 "Defendant") for misleading consumers about its products that bear a "No GMO

8 Ingredients$^{TM}$" certificate of approval on the packaging ("Products"), that appears to

9 be that of an independent third-party, when, it in fact, is not.

10    2.    In recent years, consumers have become significantly more aware and

11 sensitive to products that have been approved of by third-parties, and buy those

12 products based upon the seals of independent third-parties.

13    3.    Additionally, consumers have become significantly more aware and

14 sensitive to genetically modified organisms ("GMOs") in their food.  Many

15 consumers want to avoid GMOs for a variety of reasons, including, but not limited

16 to, GMOs' possible negative impact on the environment.  As a result, many

17 consumers try to buy products that are not derived from GMOs, and a movement

18 has developed demanding consumer products that are non-GMO products.

19    4.    In an attempt to meet consumers' demand for non-GMO products, an

20 industry of independent, third-party validation companies has developed.  These

21 independent companies review the ingredients in products to assure that the

22 products either do not contain GMOs, or do not come from animals fed GMO food.

23 Thus, obtaining the approval from an independent third party allows companies to

24 obtain an advantage in the market place over their competitors, in order to sell more

25 products and charge higher prices.

26

27

28

5.      Recognizing the value of independent certification in the marketplace, the Federal Trade Commission ("FTC") has warned companies against representations involving independent certification because they are misleading to consumers and has issued guidelines for companies to follow in order not to deceive consumers. *See* 16 CFR §260.1. As stated in the FTC guidelines against deceptive marketing regarding "Certifications and Seals of Approval":

> *It is deceptive to misrepresent, directly or by implication, that a product, package, or service has been endorsed or certified by an independent third party.*

16 C.F.R. §260.6

6.      In violation of these principles, Defendant has represented to consumers that several of the products it sells have been certified by an independent third party as not containing GMO ingredients, by affixing a No GMO Ingredients$^{TM}$ seal on the Products.

7.      Unfortunately for consumers, these representations by Defendant are false. Based upon counsel's investigation, the truth is that the No GMO Ingredients$^{TM}$ seal of approval is not the product of a neutral, third party, *but instead the work of Defendant itself*. No GMO Ingredients$^{TM}$ is not a designation bestowed by a non-profit group, or even a neutral third party, but instead is the creation of Defendant. In other words, the No GMO Ingredients$^{TM}$ seal of approval is nothing more than Defendant touting its own Products.

8.      In developing the No GMO Ingredients$^{TM}$ seal, Defendant intentionally mimicked the appearance of independent verifiers' seals such as the Non-GMO Project. The Non-GMO Project, headquartered in Bellingham, Washington was founded in 2007 and is based upon "rigorous scientific foundation and world-class

1 technical support."[1] The Non-GMO Project works with the Global ID Group, which

2 are "the world leaders in non-GMO testing, certification, and consulting." *Id.*

3        9.      The Non-GMO Project runs The Product Verification Program, which

4 verifies that products are not derived from GMO crops, or milk or meat from

5 animals fed GMO crops.  The Non-GMO Product Verification Program is widely

6 recognized and has more than 3,000 verified brands, representing over 43,000

7 products and more than $19.2 billion in sales.  *Id.*

8        10.     If a company's product meets the Non-GMO Project standard, the

9 product receives a seal of approval that it may place on the front of the product

10 packaging.  *See Image 1*.  Looking to profit off consumer desire for independently

11 validated products, Defendant has created a deceptive No GMO Ingredients[TM] seal

12 of approval label that mimics the Non-GMO Project seal.  *See Image 2*.

        

*Image 1*                 *Image 2*

11.     As seen below, both of these seals are used prominently to market food,

indicating to consumers that the products have been validated by independent

parties as being free of GMOs.

---

[1] *See* https://www.nongmoproject.org/about/history/.

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9

   

10
11
12
13
14
15
16
17
18
19
20

 

21   12.   Moreover, ingredients that constitute many of the Products are derived

22   from GMOs.  For example, Defendant's Products that contain dairy come from

23   cows fed GMO grains.  This violates the Non-GMO Project standard, which ***does***

24   ***not allow for its seal of approval to be placed on dairy based products that could***

25   ***be from animals fed GMO feed.²***

26   _____

27   ² *See* https://www.nongmoproject.org/high-risk/animal-derived-ingredients/.

28

CLASS ACTION COMPLAINT

13.    Defendant avoids the Non-GMO Project's feed standard by using its own, self-created No GMO Ingredients$^{TM}$ seal, thereby creating confusion and deceiving consumers.  Defendant's own "standard" allows for the use of GMO feed for dairy animals.  The Non-GMO Project's independent standard does not.

14.    As a result of this deceptive label, consumers paid a significant premium to purchase a non-GMO product to avoid the well-known health and environmental risks associated with GMO products.   As stated above, consumers did not receive the benefit of the bargain.

15.    Plaintiff brings this suit to now end Defendant's deceptive practice and to recover the ill-gotten gains obtained by Defendant through this deception.

## JURISDICTION AND VENUE

16.    This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  The aggregated claims of the individual Class members exceed the sum or value of $5,000,000, exclusive of interests and costs, and both Plaintiff and other members of the putative Class are citizens of States different from Defendant.

17.    This Court has personal jurisdiction over Defendant because Defendant transacts and conducts substantial business in the State of California.

18.    Venue is proper in this District under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

19.    A venue affidavit pursuant to California Civil Code § 1780(d) is attached hereto.

## PARTIES

20.    Plaintiff is an adult resident of Oxnard, California.

21.    Defendant is a Delaware corporation with its corporate headquarters located in Virginia.  In 2015, Defendant product sales in the United States totaled approximately $26 billion.

CLASS ACTION COMPLAINT

**1**                                         **ALLEGATIONS RELATING TO PLAINTIFF**

**2**       22.    Plaintiff purchased one or more of Defendant's Products containing the

**3** No GMO Ingredients<sup>TM</sup> seal during the Class Period, specifically, Lean Cuisine

**4** Marketplace frozen dinners and Coffee-Mate Natural Bliss creamer.

**5**       23.    Certain Lean Cuisine Marketplace frozen dinners as well as Coffee-

**6** Mate Natural Bliss creamers (all flavors) are Products upon which Defendant

**7** applies its No GMO Ingredients<sup>TM</sup> seal.

**8**       24.    Plaintiff's purchases were made in the Central District of California,

**9** specifically in the cities of Oxnard and Ventura.

**10**       25.    When given a choice between comparable products, Plaintiff

**11** purposefully chooses non-GMO products verified by an independent third-party

**12** when making purchasing decisions and relies on packaging representations to

**13** determine if products are certified as non-GMO by independent third parties.

**14**       26.    Plaintiff believed the Products she purchased were non-GMO due to

**15** the label used by Defendant.

**16**                                             **RULE 9(b) ALLEGATIONS**

**17**       27.    Federal Rule of Civil Procedure ("Rule") 9(b) provides that "[i]n

**18** alleging fraud or mistake, a party must state with particularity the circumstances

**19** constituting fraud or mistake." Fed. R. Civ. P. 9(b). To the extent necessary, as

**20** detailed in the paragraphs above and below, Plaintiff has satisfied the requirements

**21** of Rule 9(b) by establishing the following elements with sufficient particularity:

**22**       28.    WHO: Defendant made material misrepresentations and omissions of

**23** fact in the labeling, packaging, and marketing of its Products.

**24**       29.    WHAT: Defendant made material misrepresentations and omissions

**25** by affixing the No GMO Ingredients<sup>TM</sup> seal of approval in order to lead consumers

**26** to believe that the products have been certified as not having GMO ingredients by a

**27** third party rather than Defendant itself. The No GMO Ingredients<sup>TM</sup> is not a

**28** designation bestowed by a neutral third party, but instead is the creation of

1 Defendant. In other words, the No GMO Ingredients<sup>TM</sup> seal of approval is nothing

2 more than Defendant touting its own Products.

3     30. WHEN: Defendant made the material misrepresentations and omissions

4 detailed herein continuously throughout the Class Period.

5     31. WHERE: Defendant's material misrepresentations and omissions were

6 made, inter alia, on the labeling and packaging of the Products.

7     32. HOW: Defendant made written misrepresentations and failed to

8 disclose material facts on the labeling and packaging of the Products.

9     33. WHY: Defendant engaged in the material misrepresentations and

10 omissions detailed herein for the express purpose of inducing Plaintiff and other

11 reasonable consumers to purchase and/or pay a premium for Defendant's Products.

12 Defendant profited by selling the products to millions of unsuspecting consumers

13 nationwide, capitalizing on the growing demand for certified non-GMO products.

14 **CLASS ALLEGATIONS**

15     34. Plaintiff brings this action individually and on behalf of the following

16 Class pursuant to Rule 23(a) and 23(b)(2) and (3) of the Federal Rules of Civil

17 Procedure:

18
19
20
21     All persons who purchased any of Defendant's Products bearing the No GMO Ingredients<sup>TM</sup> seal label within the applicable limitations period ("the Class"). Excluded from the Class are officers and directors of the Defendant, members of the immediate families of the officers and directors of the Defendant, and their legal representatives, heirs, successors or assigns and any entity in which they have or have had a controlling interest.

22     35. This action is brought and may properly be maintained as a class action

23 pursuant to Federal Rule of Civil Procedure 23. This action satisfies the numerosity,

24 typicality, adequacy, predominance, and superiority requirements of those

25 provisions.

26     36. The Class is so numerous that the individual joinder of all of its

27 members is impracticable. Due to the nature of the trade and commerce involved,

28 Plaintiff believes that the total number of Class members is in the thousands and that

1  members of the Class are geographically dispersed across the United States. While

2  the exact number and identities of the Class members are unknown at this time, such

3  information can be ascertained through appropriate investigation and discovery.

4        37.   Common questions of law and fact exist as to all members of the Class,

5  and these common questions predominate over any questions affecting only

6  individual members of the Class. These common legal and factual questions, which

7  do not vary from Class member to Class member, and which may be determined

8  without reference to the individual circumstances of any Class member include, but

9  are not limited to, the following:

10         (a)    Whether Defendant labeled, marketed, advertised and/or sold its

11              Products to Plaintiff and those similarly situated using false,

12              misleading and/or deceptive statements or representations;

13         (b)    Whether Defendant misrepresented material facts in connection

14              with the sales of its Products;

15         (c)    Whether Defendant participated in and pursued the common

16              course of conduct complained of herein;

17         (d)    Whether Defendant's labeling, marketing, advertising and/or

18              selling of its Products with a No GMO Ingredients$^{TM}$ seal label

19              constitute an unfair or deceptive consumer sales practice; and

20         (e)    Whether Defendant was unjustly enriched.

21        38.   Plaintiff's claims are typical of those of the Class because Plaintiff, like

22  all members of the Class, purchased a Product bearing the No GMO Ingredients$^{TM}$

23  seal in a typical consumer setting and sustained damages from Defendant's

24  wrongful conduct.

25        39.   Plaintiff will fairly and adequately protect the interests of the Class and

26  has retained counsel who are experienced in litigating complex class actions.

27  Plaintiff has no interests that conflict with those of the Class.

28

40.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Individual joinder of all members of the Class is impracticable.  Even if individual members of the Class had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed.  Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct.   The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all Class members' claims in a single forum.  The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the Class. Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

41.    The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Cal. Code Civ. P. § 382 are met, as Defendant has acted or refused to act on grounds generally applicable to the Class thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

42.    This action is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief respecting the class as a whole.

43.    This action is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) because the common questions of law and fact identified above, without limitation,  predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### (Unfair Competition Law, Business and Professions Code § 17200, *et seq.*)

### On Behalf Plaintiff and the Class

44.    Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

45.    As set forth above, the No GMO Ingredients™ seal labeling is false, deceptive and misleading, causing consumers to believe that Defendant's Products have been validated by an independent, third party organization; when, in fact, they have not.

46.    Defendant designed the false, misleading and deceptive No GMO Ingredients™ label with the intent to sell, distribute and increase the consumption of its Products bearing the No GMO Ingredients™ label.

47.    Defendant's violation constitutes unlawful, unfair, and/or fraudulent business acts and practices, which caused Plaintiff and Class members to suffer pecuniary loss.  Specifically, Defendant's false, deceptive and misleading No GMO Ingredients™ label caused consumers to purchase Defendant's Products, believing they were validated by an independent third-party; although, they were not.

48.    In this regard, Defendant's manufacturing, marketing, advertising, packaging, labeling, distributing and selling products bearing the No GMO Ingredients™ label violates California's Business and Professions Code.

49.    The business acts and practices alleged above are unlawful under the Consumers Legal Remedy Act, Cal. Civ. Code §1750, et seq. ("CLRA"), which forbids deceptive advertising.

50.    The business acts and practices alleged above are unlawful under §17200, *et seq.* by virtue of violating §17500, *et seq.*, which forbids untrue advertising and misleading advertising.

51.     As a result of the business acts practices described above, Plaintiff and the Class, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future conduct on the part of the Defendant and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and to restore to any person in interest any money paid for products bearing the No GMO Ingredients™ label as a result of the wrongful conduct of the Defendant.

52.     The above-described unlawful business acts and practices of the Defendant present a threat and reasonable likelihood of deception to Plaintiff and members of the Class in that Defendant has systematically perpetrated and continues to perpetrate such acts or practices upon members of the Class by means of its misleading manufacturing, marketing, advertising, packaging, labeling, distributing and selling of products bearing the No GMO Ingredients™ label.

53.     THEREFORE, Plaintiff prays for relief as set forth below.

### SECOND CAUSE OF ACTION

**(False Advertising Law, Business and Professions Code § 17500, *et seq*.)**

**On Behalf of the Plaintiff and the Class**

54.     Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

55.     Plaintiff asserts this cause of action against Defendant for violations of California Business and Professions Code §17500, et seq. for misleading, deceptive and untrue advertising..

56.     At all material times, the Defendant engaged in a scheme of offering its products bearing the No GMO Ingredients™ label for sale to Plaintiff and other members of the Class by way of, *inter alia*, commercial marketing and advertising, product packaging and labeling and other promotional materials.  These materials misrepresented and/or omitted the true nature and quality of No GMO Ingredients™ Products, in that Defendants represented that the Products had been validated by an

1 independent third-party, when in fact they had not. Said advertisements and
2 inducements were made within the State of California and come within the
3 definition of advertising as contained in Business and Professions Code §17500, *et*
4 *seq.*, in that such promotional materials were intended as inducements to purchase
5 products bearing the No GMO Ingredients™ label and are statements disseminated
6 by the Defendant to Plaintiff and the Class and were intended to reach members of
7 the Class. Defendant knew, or in the exercise of reasonable care should have
8 known, that these statements were misleading and deceptive.

9       57. In furtherance of said plan and scheme, Defendant has prepared and
10 distributed within the State of California via commercial marketing and advertising,
11 product packaging and labeling, and other promotional materials, statements that
12 misleadingly and deceptively represent that the Products were validated by an
13 independent third-party, when, in fact, they were not. Consumers, including
14 Plaintiff, necessarily and reasonably relied on these materials, believing the Products
15 bearing the No GMO Ingredients™ label were validated by an independent third-
16 party when, in fact, they were not. Consumers, including Plaintiff and the Class,
17 were among the intended targets of such representations.

18       58. The above acts of the Defendant, in disseminating said misleading and
19 deceptive statements throughout the State of California to consumers, including
20 Plaintiff and members of the Class, were and are likely to deceive reasonable
21 consumers, including Plaintiff and other members of the Class, by obfuscating the
22 true nature and quality of the Products, all in violation of the "misleading prong"
23 and "untrue prong" of California Business and Professions Code § 17500.

24       59. As a result of the above violations of the "misleading prong" and
25 "untrue prong" of Business and Professions Code § 17500, *et seq.*, Defendant has
26 been unjustly enriched at the expense of Plaintiff and the other members of the
27 Class. Plaintiff and the Class, pursuant to Business and Professions Code § 17535,
28 are entitled to an order of this Court enjoining such future conduct on the part of the

1  Defendant, and such other orders and judgments which may be necessary to

2  disgorge Defendant's ill-gotten gains and restore to any person in interest any

3  money paid for products bearing the No GMO Ingredients$^{TM}$ label as a result of the

4  wrongful conduct of the Defendant.

5        60.    THEREFORE, Plaintiff prays for relief as set forth below.

6                          **THIRD CAUSE OF ACTION**

7        **(Consumers Legal Remedies Act - Cal. Civ. Code §1750, *et seq.*)**

8              **On Behalf of Plaintiff and the California Class**

9        61.    Plaintiff realleges and incorporates by reference the paragraphs stated

10  above in this Class Action Complaint as set forth herein.

11        62.    This cause of action is brought pursuant to the CLRA, Cal. Civ. Code

12  §1750, *et seq.*

13        63.    Defendant's actions, representations and conduct have violated and

14  continue to violate the CLRA, as they extend to transactions that are intended to

15  result, or which have resulted, in the sale of lease of goods or services to consumers.

16        64.    Plaintiff and other Class Members are "consumers" as that term is

17  defined by the CLRA in Cal. Civ. Code §1761(d).

18        65.    The products bearing the No GMO Ingredients$^{TM}$ label that Plaintiff

19  and other members of the Class purchased from Defendant were "goods" within the

20  meaning of Cal. Civ. Code §1761(a).

21        66.    By engaging in the actions, misrepresentations and misconduct set forth

22  in this Class Action Complaint, Defendant has violated, and continues to violate,

23  §1770(a)(2) of the CLRA.  Specifically, in violation of Cal. Civ. Code § 1770(a)(2),

24  Defendant's acts and practices constitute unfair methods of competition and unfair

25  or fraudulent acts or practices in that they misrepresent the source, sponsorship,

26  approval or certification of goods.

27        67.    By engaging in the actions, misrepresentations and misconduct set forth

28  in this Class Action Complaint, Defendant has violated, and continues to violate,

§1770(a)(7) of the CLRA.  Specifically, in violation of Cal. Civ. Code § 1770(a)(7), Defendant's acts and practices constitute unfair methods of competition and unfair or fraudulent acts or practices in that they misrepresent the particular standard, quality or grade of the goods.

68.    By engaging in the actions, misrepresentations and misconduct set forth in this Class Action Complaint, Defendant has violated, and continues to violate, §1770(a)(16) of the CLRA. Specifically, in violation of Cal. Civ. Code §1770(a)(16), Defendant's acts and practices constitute unfair methods of competition and unfair or fraudulent acts or practices in that they represent that a subject of a transaction has been supplied in accordance with a previous representation when they have not.

69.    Plaintiff requests that this Court enjoin the Defendant from continuing to employ the unlawful methods, acts and practices alleged herein pursuant to Cal. Civ. Code §1780.  If Defendant is not restrained from engaging in these types of practices in the future, Plaintiff and other members of the Class will continue to suffer harm.

70.    Plaintiff provided Defendant with preliminary notice of this lawsuit and provided Defendant with an opportunity to cure the conduct alleged herein at least thirty days prior to filing this lawsuit in accordance with Cal. Civ. Code § 1782. Defendant refused to correct or remedy the unlawful conduct and has continued to engage therein after receiving such notice.   Accordingly, Plaintiff also seeks damages pursuant Cal. Civ. Code § 1780(a)(1).

71.    THEREFORE, Plaintiff prays for relief as set forth below.

## **PRAYER FOR RELIEF**

THEREFORE, Plaintiff prays for judgment as follows:

1.    Certification of the Class, certifying Plaintiff as representative of the Class, and designating her counsel as counsel for the Class;

1    2.    A declaration that Defendant has committed the violations alleged

2 herein;

3    3.    For restitution and disgorgement pursuant to, without limitation, the

4 California Business & Professions Code §§ 17200, *et seq.* and 17500, *et seq.* and

5 Cal. Civ. Code §1780;

6    4.    For declaratory and injunctive relief pursuant to, without limitation, the

7 California Business & Professions Code §§ 17200, *et seq.* and 17500, *et seq.*;

8    5.    For declaratory and injunctive relief and monetary damages pursuant to

9 California Civil Code § 1780;

10    6.    An award of compensatory damages, the amount of which is to be

11 determined at trial;

12    7.    For punitive damages;

13    8.    For interest at the legal rate on the foregoing sums;

14    9    For attorneys' fees;

15    10.    For costs of suit incurred; and

16    11.    For such further relief as this Court may deem just and proper.

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

**<u>JURY TRIAL DEMANDED</u>**

Plaintiff hereby demands a trial by jury of all claims and causes of action so triable in this lawsuit.

DATED: July 27, 2018                    **PEARSON, SIMON & WARSHAW, LLP**


By:      */s/ Daniel L. Warshaw*
                DANIEL L. WARSHAW

Daniel L. Warshaw (Cal Bar No. 185365)
   dwarshaw@pswlaw.com
Bobby Pouya (Bar No. 245527)
   bpouya@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104

Michael R. Reese (Cal Bar No. 206773)
   mreese@reesellp.com
George V. Granade (Cal Bar No. 316050)
   ggranade@reesellp.com
**REESE LLP**
100 West 93rd Street
New York, NY 10001
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

*Attorneys for Plaintiff and the Proposed Class*

17

1    **<u>AFFIDAVIT OF  DANIEL L. WARSHAW</u>**

2    **<u>PURSUANT TO CALIFORNIA CIVIL CODE § 1780</u>**

3         Daniel L. Warshaw declares:

4         1.    I am an attorney duly admitted to practice before this Court.  I am a

5    partner in the law firm of Pearson, Simon & Warshaw, LLP, attorneys of record for

6    Plaintiff Jennifer Latiff.

7         2.    I am one of the attorneys principally responsible for the handling of this

8    matter.  I am personally familiar with the facts set forth in this declaration, and if

9    called as a witness, I could and would competently testify to the matters stated

10    herein.

11         3.    This action has been commenced in a county described in California

12    Civil Code section 1780 as a proper place for the trial of the action.  The

13    transactions or a substantial portion thereof occurred in Ventura County, California.

14         I declare under penalty of perjury under the laws of the United States of

15    America that the foregoing is true and correct.

16         Executed on July 27, 2018, at Sherman Oaks, California.

17

18                                          */s/ Daniel L. Warshaw*
                                      Daniel L. Warshaw

19

20    889814.1

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT